**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Kenneth Wayne HOLLAND,**
**Defendant–Appellant.**

**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Sevelt KELLY, Defendant–Appellant.**

Nos. 92–1329, 92–1344.

United States Court of Appeals,
Tenth Circuit.

Sept. 9, 1993.

Certiorari Denied Jan. 10, 1994.

See 114 S.Ct. 739.

Charles Szekely, Asst. Federal Public Defender (Michael G. Katz, Federal Public Defender, with him on the brief), Denver, CO, for defendant-appellant Kenneth Wayne Holland.

Robert S. Berger, Denver, CO, for defendant-appellant Sevelt Kelly.

Joseph Mackey, Asst. U.S. Atty. (Michael J. Norton, U.S. Atty., with him on the brief), Denver, CO, for plaintiff-appellee.

Before MOORE, BALDOCK, and BRORBY, Circuit Judges.

BRORBY, Circuit Judge.

Appellants, Kenneth Wayne Holland and Sevelt Kelly, were convicted of possession with intent to distribute cocaine under 21 U.S.C. § 841(a)(1) (1988) and use of a firearm in relation to a drug trafficking crime under 18 U.S.C. § 924(c)(1) (1988). Additionally, Mr. Holland was convicted of two separate counts of possession of a firearm by a convicted felon under 18 U.S.C. § 922(g) (1988). One count involved the firearm found during the drug arrest and the second count arose from a firearm found during an unrelated arrest. Both Defendants appeal the district court's denial of a motion to sever the trial of Defendants. Mr. Holland additionally contends there was insufficient evidence to convict him on the § 924(c) count and the district court erred by refusing to sever the counts. After a careful review of the record we affirm.

## FACTS

During the evening of February 21, 1992, two Colorado Springs police officers observed a car owned and driven by Mr. Holland, run through two stop signs without its headlights on. The officers pulled the vehicle over for a routine traffic stop. Upon contacting the occupants, the officers noticed Mr. Kelly, the passenger, possessed an open can of beer and also observed there were five rounds of ammunition on the vehicle's center console. As a safety precaution, the officers asked Mr. Holland and Mr. Kelly to get out of the car. After receiving consent from Mr. Holland, the officers executed a search of the vehicle. Underneath the passenger seat the officers discovered a revolver registered to Mr. Kelly. In the back seat the officers found a gym bag containing a triple beam scale and cutting agent. Less than an ounce of cocaine was recovered from the gearshift boot, where the defendants apparently attempted to dispose of it prior to their apprehension. A search incident to the arrest of Mr. Kelly revealed that he possessed three rounds of ammunition which matched the cylinder of the gun found in the car, a pager, and $610 cash. Mr. Holland also carried a pager and $732 cash. Both pagers were purchased by Mr. Holland. The officers also found approximately three ounces of cocaine in a cosmetic bag by the side of the road where the car had slowed down and pulled over to the curb prior to the stop.

Evidence was also presented at trial concerning Mr. Holland's possession of a firearm. On May 1, 1992, the police stopped Mr. Holland while he was driving his girlfriend's car. During the stop a gun, registered under someone else's name, was found on the floorboard in a backpack behind Mr. Holland. The police also discovered ammunition for the weapon in Mr. Holland's pocket.

Neither Defendant testified at trial, and a jury convicted them on all counts. Throughout the trial, Defendants made motions for a mistrial contending it was error for the court to conduct a joint trial. Moreover, Mr. Holland continually challenged the district

court's decision not to sever the counts against him.

## SEVERANCE OF DEFENDANTS

■ Both Defendants contend they suffered prejudice from their joint trial. "A motion for a severance in a criminal trial is a matter resting within the sound discretion of the district court." *United States v. Brantley,* 986 F.2d 379, 383 (10th Cir.1993). According to Fed.R.Crim.P. Rule 8(b),

> [t]wo or more defendants may be charged in the same indictment or information if they are alleged to have participated in the same act or transaction or in the same series of acts or transactions constituting an offense or offenses. Such defendants may be charged in one or more counts together or separately and all of the defendants need not be charged in each count.

Defendants contend that their defenses were so antagonistic they were necessarily mutually exclusive and, therefore, the district court abused its discretion in refusing to sever the parties.

Although Mr. Holland claimed the drugs and paraphernalia in the car were Mr. Kelly's possessions, the thrust of his defense was that he was unaware of the gun underneath Mr. Kelly's seat. Mr. Kelly's counsel did not dispute Mr. Kelly's ownership of the gun, but asserted Mr. Kelly had no knowledge of the presence of the cocaine. Defendants argue that to believe one defendant the jury must necessarily convict the other. First, we note that we do not find Mr. Holland's and Mr. Kelly's defenses mutually antagonistic as the jury could have easily attributed the drugs solely to Mr. Holland and the gun solely to Mr. Kelly. *See, e.g., United States v. Woody,* 690 F.2d 678, 680 (8th Cir.1982), *cert. denied,* 459 U.S. 1177, 103 S.Ct. 830, 74 L.Ed.2d 1024 (1983). Second and more importantly, the Supreme Court recently held that defendants must show more than mutually antagonistic defenses to warrant a severance. *Zafiro v. United States,* —— U.S. ——, ——, 113 S.Ct. 933, 938, 122 L.Ed.2d 317 (1993).

Severance should only be granted under Fed.R.Crim.P. Rule 14 if the Defendants are prejudiced by their joinder.[1] Such prejudice occurs "only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." *Zafiro,* —— U.S. at ——, 113 S.Ct. at 938. The burden rests with the defendant to "make a strong showing of prejudice." *United States v. Youngpeter,* 986 F.2d 349, 353 (10th Cir.1993). Turning to the facts of this case, appellants cannot demonstrate any specific instances of prejudice in which their rights to a fair trial were impinged. Because neither of the Defendants presented testimony relating to the events of February 21, 1992, they certainly did not prejudice each other in this respect. Moreover, when testimony related to the events of May 1, 1992, which did not involve Mr. Kelly, the court repeatedly instructed the jury that such evidence could only be considered on behalf of Mr. Holland. Thus, the district court did not abuse its discretion in denying severance of the defendants, as neither of the defendants could demonstrate prejudice resulting from the joint trial.

## SEVERANCE OF COUNTS

■ Mr. Holland contends the district court should have severed the May 1, 1992 possession of a firearm count from the rest of the indictment. Mr. Holland argued that the counts were unrelated in time, place, and offense, and were not part of the same course of conduct. According to Fed.R.Crim.P. 8(a),

> [t]wo or more offenses may be charged in the same indictment or information in a separate count for each offense if the offenses charged ... are of the same or similar character or are based on the same act or transaction or on two or more acts or transactions connected together or constituting parts of a common scheme or plan.

Once again, Rule 14 cautions that a court may grant a severance if the joinder is preju-

---

1. Rule 14 reads in part:

   If it appears that a defendant or the government is prejudiced by a joinder of offenses or of defendants in an indictment or information or by such joinder for trial together, the court may order an election or separate trials of counts, grant a severance of defendants or provide whatever other relief justice requires.

dicial. A denial of a motion to sever is reviewed for an abuse of discretion. *United States v. Hayes,* 861 F.2d 1225, 1231 (10th Cir.1988).

Mr. Holland argues the joinder of counts was improper because his defense for the incident on February 21, 1992 was prejudiced by the introduction of evidence surrounding the May 1, 1992 arrest. "The defendant bears a heavy burden of showing real prejudice from the joinder of the two counts." *United States v. Muniz,* 1 F.3d 1018, 1023 (10th Cir.1993). According to Rule 8(a) joinder is proper if the offenses are of the same character. *United States v. Sturmoski,* 971 F.2d 452, 460 (10th Cir.1992). When offenses are of the same character, however, "prejudice to the defendant is more likely since proof of one crime may tend to corroborate the commission of the other crime." *Muniz,* at 1023. Prejudicial joinder occurs under Rule 14 when " 'an individual's right to a fair trial is either threatened or actually deprived.' " *Sturmoski,* 971 F.2d at 460 (quoting *United States v. Dickey,* 736 F.2d 571, 591 (10th Cir.1984), *cert. denied,* 469 U.S. 1188, 105 S.Ct. 957, 83 L.Ed.2d 964 (1985)).

We note the evidence relating to the separate incidents in this case, as in *Muniz,* was separate and distinct and not unfairly overlapping. *Muniz,* at 1023. Mr. Holland's defense to the February 21, 1992 firearms charges was that he and Mr. Kelly did not operate as partners in the distribution of cocaine, and he had no knowledge of the gun underneath the passenger seat. The record, however, is replete with evidence that Mr. Holland and Mr. Kelly operated together, and the jury's determination that Mr. Holland was aware of the gun was not tainted by the joinder of the May 1, 1992 possession of a firearm count. *See Sturmoski,* 971 F.2d at 460. Mr. Kelly wore a pager purchased by Mr. Holland, the gun was in Mr. Holland's car, and ammunition was found on the console. Therefore, we hold the joinder of the counts did not prejudice Mr. Holland's right to a fair trial.

## 924(c)(1)

■ Finally, Mr. Holland claims that there is insufficient evidence to support his conviction under 18 U.S.C. § 924(c) for the use of a firearm during the commission of a drug trafficking offense.

"Our standard for reviewing the sufficiency of evidence on criminal convictions is whether '[t]he evidence—both direct and circumstantial, together with the reasonable inferences to be drawn therefrom—is sufficient if, when taken in the light most favorable to the government, a reasonable jury could find the defendant guilty beyond a reasonable doubt.' "

*United States v. McKinnell,* 888 F.2d 669, 673 (10th Cir.1989) (citation omitted). Section 924(c)(1) expressly applies to a defendant who " 'uses or carries' a firearm during and in relation to a drug trafficking crime." *McKinnell,* 888 F.2d at 674. For the purposes of 18 U.S.C. § 924(c)(1) a defendant "uses" a firearm when it "(1) is readily accessible, (2) is an integral part of the criminal undertaking, and (3) increases the likelihood of success for that undertaking." *United States v. Conner,* 972 F.2d 1172, 1173 (10th Cir.1992); *McKinnell,* 888 F.2d at 675. In *McKinnell* we upheld a 924(c)(1) conviction when the officers discovered a firearm under a shopping bag in the passenger seat. *Id.* at 674.

■ Mr. Holland claimed that he was unaware of the existence of Mr. Kelly's handgun underneath the passenger seat. The jury obviously rejected that argument in holding both defendants criminally responsible for the contraband found in the car. Five rounds of ammunition matching the gun were found in the center console of the car. Circumstantial evidence indicates that Mr. Holland and Mr. Kelly were not strangers. Mr. Kelly wore a pager purchased by Mr. Holland. They were former co-workers who each possessed a remarkably large amount of cash given their income. Since the record demonstrates that the Defendants acted in concert, it follows that Mr. Holland was aware of the handgun's existence. Clearly then, the handgun was readily accessible to Mr. Holland. Additionally, we presume a nexus between a firearm and a drug trafficking offense when an individual with ready access to a firearm is involved in such an offense. *United States v. Coslet,* 987 F.2d

1493, 1495 (10th Cir.1993). "A defendant can overcome this presumption by presenting evidence that the weapon was present for a reason other than facilitating the drug transaction." *Id.* Mr. Holland presented no such evidence. Because the gun and the ammunition were found in the car with the cocaine, we presume that its availability was an integral part of the plan to distribute cocaine, and its availability increased the defendants' likelihood of success. Consequently, there was sufficient evidence for the jury to convict Mr. Holland for the use of a firearm in connection with the possession with intent to distribute cocaine.

AFFIRMED.