**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Adrian Arnett WILLIAMS, also known as A–Bone, also known as A.K., Defendant–Appellant.**

**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Katrina HAYES, Defendant–Appellant.**

Nos. 93–1455, 93–1489.

United States Court of Appeals, Tenth Circuit.

Jan. 30, 1995.

**1483**

Charlotte J. Mapes, Asst. U.S. Atty. (Henry L. Solano, U.S. Atty. and John M. Hutchins, Asst. U.S. Atty. with her on the brief), Denver, CO, for plaintiff-appellee.

Nathan D. Chambers of Chambers, Dansky & Hansen, Denver, CO, for defendant-appellant Katrina Hayes.

Joseph Saint–Veltri (David J. Akerson and Irvin Kent, with him on the brief), Denver, CO, for defendant-appellant Adrian Williams.

Before ANDERSON and KELLY, Circuit Judges, and COOK, District Judge.[†]

[†] Honorable H. Dale Cook, Senior United States District Judge for the Northern District of Okla-

PAUL KELLY, Jr., Circuit Judge.

Ms. Hayes and Mr. Williams appeal their convictions on various counts of drug and drug-related charges. Our jurisdiction arises under 28 U.S.C. § 1291 and we affirm.

*Background*

As a result of information received through intercepted wire communications, Ms. Hayes and Mr. Williams were arrested and a search of the residence they shared was executed. The electronic surveillance was authorized by the district court and included wiretaps on a phone at the Defendants' residence and a cellular phone used by Mr. Williams. Ms. Hayes and Mr. Williams were tried jointly, along with Michael Washington. Ms. Hayes and Mr. Williams were convicted, while Mr. Washington was acquitted.

On appeal, Ms. Hayes argues that (1) the district court erred in denying her motion for severance, (2) noncompliance with the requirements of Title III required the suppression of all evidence derived through wiretaps, and (3) evidence seized from her home should have been suppressed because the search warrant lacked probable cause and was tainted by an invalid wiretap order.

Mr. Williams argues that (1) the district court erred in denying his motion for severance, (2) the district court erred in denying his motion to suppress intercepted communications and evidence obtained as a result of the communications, and (3) 21 U.S.C. § 841(b)(1)(A)(iii) and U.S.S.G. § 2D1.1 violate equal protection.

I. Motion for Severance

■ We review the district court's denial of a request for severance for an abuse of discretion, *United States v. Holland,* 10 F.3d 696, 698 (10th Cir.1993), *cert. denied,* —— U.S. ——, 114 S.Ct. 739, 126 L.Ed.2d 702 (1994), and will not disturb the district court's decision absent "a strong showing of prejudice." *United States v. Evans,* 970 F.2d 663, 675 (10th Cir.1992), *cert. de-*

homa, sitting by designation.

*nied,* —— U.S. ——, 113 S.Ct. 1288, 122 L.Ed.2d 680 (1993).

▉ Severance should be granted only if Defendants will be prejudiced by their joinder such that " 'there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence.' " *Holland,* 10 F.3d at 698 (quoting *Zafiro v. United States,* —— U.S. ——, ——, 113 S.Ct. 933, 938, 122 L.Ed.2d 317 (1993)). Defendants have the burden of showing prejudice. *Holland,* 10 F.3d at 698.

▉ Ms. Hayes argues that since the quantum of evidence presented against Mr. Williams was so much greater than that presented against her, the joint trial caused her actual prejudice. The mere fact, however, that "one co-defendant is less culpable than the remaining co-defendants is not alone [a] sufficient ground to establish . . . [an abuse of discretion]." *United States v. Youngpeter,* 986 F.2d 349, 353 (10th Cir.1993). Although more evidence was presented against Mr. Williams, substantial evidence was admitted against Ms. Hayes showing that she was involved in the conspiracy. Moreover, the district court instructed the jury to consider each Defendant separately. *See* Aplee.Add. at 8–9; *Zafiro,* —— U.S. at ——, 113 S.Ct. at 938 ("[L]imiting instructions [ ] often will suffice to cure any risk of prejudice.") (citing *Richardson v. Marsh,* 481 U.S. 200, 211, 107 S.Ct. 1702, 1709, 95 L.Ed.2d 176 (1987)).

▉ Ms. Hayes further argues that the failure to sever resulted in the exclusion of exculpatory evidence. The district court excluded a transcript of an interview of co-Defendant Mr. Washington by an FBI agent. In the transcript, Mr. Washington refers to various members of the drug conspiracy, but is neither questioned about nor refers to Ms. Hayes. This evidence is not exculpatory, since the failure to mention Ms. Hayes in the absence of a specific question proves nothing. Moreover, any error that might have resulted from the exclusion of the evidence is harmless, since at trial the FBI agent stated that Mr. Washington did not mention Ms. Hayes during the interview. *See* Aplt.App. at 1026.

▉ Mr. Williams argues that he and Mr. Washington were so antagonistic in their defenses that he did not receive a fair trial. However, "[m]utually antagonistic defenses are not prejudicial per se." *Zafiro,* —— U.S. at ——, 113 S.Ct. at 938. Even if the defenses of Mr. Williams and Mr. Washington conflicted, Mr. Williams has failed to show that any of his specific trial rights were compromised, or that the jury was prevented from making a reliable judgment about his guilt or innocence. Moreover, the limiting instruction given to the jury helped cure any risk of prejudice. *See* Aplee.Add. at 8–9; *Zafiro,* —— U.S. at ——, 113 S.Ct. at 938.

## II. Suppression of Wiretap Evidence

▉▉ "A wiretap authorization order is presumed proper," and Defendants carry the burden of overcoming this presumption. *United States v. Nunez,* 877 F.2d 1470, 1472 (10th Cir.), *cert. denied,* 493 U.S. 981, 110 S.Ct. 513, 107 L.Ed.2d 515 (1989). We review the district court's findings of fact under the clearly erroneous standard. *United States v. Caro,* 965 F.2d 1548, 1551 (10th Cir.1992). The validity of a wiretap order, however, is a question of law which we review de novo. *See United States v. Dahlman,* 13 F.3d 1391, 1394 (10th Cir.1993), *cert. denied,* —— U.S. ——, 114 S.Ct. 1575, 128 L.Ed.2d 218 (1994) (holding that the sufficiency of a search warrant is a conclusion of law which is reviewed de novo); *United States v. Mesa–Rincon,* 911 F.2d 1433, 1435 (10th Cir.1990) (holding that the sufficiency of a district court's authorization of video surveillance is a question of law which is reviewed de novo).

▉ Under 18 U.S.C. § 2518(4)(a), each wiretap order must specify "the identity of the person, if known, whose communications are to be intercepted." The first page of the "ORDER AUTHORIZING THE INTERCEPTION OF WIRE COMMUNICATION" in this case states in the form of findings that there is probable cause that along with other specifically named individuals, Ms. Hayes and Mr. Williams "have committed, and are committing, and will continue to commit"

drug offenses. Aplt.Add., doc. 1 at 1. Defendants argue that the order does not adequately identify them in subsequent decretal language. *Id.* at 3. Such an argument merely attempts to place form over substance, which we decline to do. A reference to the "above-named persons" in the decretal portion of the order clearly incorporates and identifies the Defendants as the interceptees and satisfies the identification requirement of 2518(4)(a).

▮ Mr. Williams further argues that the order is defective because the decretal paragraphs lack "a particular description of the type of communication sought to be intercepted, and a statement of the particular offense to which it relates." 18 U.S.C. § 2518(4)(c) (West 1994). Again, the decretal portion of the order states that law enforcement officials are authorized "to intercept wire communications to and from the above-described telephones." Aplt.Add., doc. 1 at 3. The court's findings, clearly a part of the order, list the phone numbers to be intercepted, state that probable cause exists to believe that interception of communications to and from these numbers will concern drug offenses, and list the specific offenses suspected. *Id.* at 1–2. The subsequent reference to the "above-described telephones" incorporates this previously stated information and sufficiently describes both the conversations to be intercepted and the offenses to which they relate. *See id.* at 3.

### III. Suppression of Physical Evidence

▮ We give great deference to the issuing magistrate's determination of probable cause. *Illinois v. Gates,* 462 U.S. 213, 236, 103 S.Ct. 2317, 2331, 76 L.Ed.2d 527 (1983). We review the magistrate's decision to ensure that he had a substantial basis for finding that probable cause existed. *United States v. Brown,* 984 F.2d 1074, 1076 (10th Cir.) (citing *Gates,* 462 U.S. at 238–39, 103 S.Ct. at 2332–33), *cert. denied,* — U.S. —, 114 S.Ct. 204, 126 L.Ed.2d 161 (1993).

▮ A determination of probable cause is based on the totality of the circumstances. *Gates,* 462 U.S. at 238, 103 S.Ct. at 2332. The affidavit in support of the warrant describes telephonic communications involving drug deals, instances wherein officers observed Mr. Williams conducting drug transactions, and statements by confidential informants naming both Defendants as being involved in drug trafficking. *See* Aplt.Add., doc 4.

Ms. Hayes argues that there are no facts in the affidavit indicating that either contraband or evidence of the distribution network would be found at the residence. A DEA agent, however, stated in his affidavit that it is "common for large scale drug dealers to secret contraband, proceeds of drug sales, and records of drug transactions in secure locations within their residences." Aplt.Add., doc. 4 at 2. The agent's opinion, based on his experience, is entitled to consideration in determining the existence of probable cause. *United States v. Wicks,* 995 F.2d 964, 972 (10th Cir.), *cert. denied,* — U.S. —, 114 S.Ct. 482, 126 L.Ed.2d 433 (1993). Moreover, the DEA agent stated that an informant had seen a large amount of cocaine at Mr. Williams' residence within the last three months. Aplt.Add., doc. 4 at 13. A substantial basis for probable cause exists.

Ms. Hayes also argues that the search warrant was tainted by the invalid wiretap order. This argument fails, however, because we have already determined that the wiretap order was valid.

### IV. Constitutionality of 21 U.S.C. § 841(b)(1)(A)(iii) and U.S.S.G. § 2D1.1

▮ This circuit has previously upheld the constitutionality of 21 U.S.C. § 841(b)(1)(A)(iii) and U.S.S.G. § 2D1.1 against race-based equal protection challenges. *See United States v. Thurmond,* 7 F.3d 947, 953 (10th Cir.1993) ("[R]easons exist, other than race, for enhanced penalties for cocaine base offenses...."), *cert. denied,* — U.S. —, 114 S.Ct. 1311, 127 L.Ed.2d 661 (1994); *United States v. Angulo–Lopez,* 7 F.3d 1506, 1509 (10th Cir.1993) ("Congress ... had rational justification in creating the sentencing disparity."), *cert. denied,* — U.S. —, 114 S.Ct. 1563, 128 L.Ed.2d 209 (1994); *United States v. Easter,* 981 F.2d 1549, 1558–59 (10th Cir.1992), *cert. denied,* — U.S. —, 113 S.Ct. 2448, 124 L.Ed.2d 665 (1993). Mr. Williams argues

that in *Thurmond* the defendant only presented evidence of disparate impact, whereas Mr. Williams presents evidence of both disproportionate impact and discriminatory intent on the part of Congress. Defendant has failed to prove any such discriminatory intent.

While one district court did find a discriminatory purpose, that decision was promptly reversed on appeal. *United States v. Clary*, 846 F.Supp. 768 (E.D.Mo.), *rev'd*, 34 F.3d 709 (8th Cir.1994). Moreover, Mr. Williams' argument that Congress' "failure to account for a foreseeable disparate impact" violates the Equal Protection Clause is without merit. *See Thurmond*, 7 F.3d at 952 ("A neutral law that disproportionately impacts a racial minority does not violate equal protection ... unless that impact can be traced to a discriminatory purpose."); Aplt. Brief at 19. Since Mr. Williams has failed to prove either that this legislation classifies according to race or was prompted by a discriminatory purpose, we review the scheme under the rational basis standard and reject his claims. *See Angulo–Lopez*, 7 F.3d at 1509.

AFFIRMED.