69 F.3d 549
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Deon Demille FORD, Defendant-Appellant.
 No. 94-1545.
 United States Court of Appeals, Tenth Circuit.
 July 6, 1995.
 
 Before MOORE, BARRETT, and EBEL, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 MOORE
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 Defendant, Deon Demille Ford, pled guilty to one count of possession with intent to distribute and distribution of more than fifty grams of a mixture or substance containing cocaine base. He appeals, raising due process and equal protection arguments relating to the penalty for crack cocaine, claiming the penalty unconstitutionally impacts African-American males. This issue has already been resolved conclusively. United States v. Williams, 45 F.3d 1481, 1485-85 (10th Cir.1995); United States v. Angulo-Lopez, 7 F.3d 1506, 1509 (10th Cir.1993), cert. denied, 114 S.Ct. 1563 (1994); United States v. Thurmond, 7 F.3d 947, 952 (10th Cir.1993), cert. denied, 114 S.Ct. 1311 (1994); United States v. Easter, 981 F.2d 1549, 1559 (10th Cir.1992), cert. denied, 113 S.Ct. 2448 (1993); United States v. Robinson, 978 F.2d 1554, 1565 (10th Cir.1992), cert. denied, 113 S.Ct. 1855 (1993); United States v. Turner, 928 F.2d 956, 960 (10th Cir.), cert. denied, 502 U.S. 881 (1991). These cases, as well as many others uncited here, bind us.
 
 
 3
 AFFIRMED.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470