72 F.3d 139
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
George HOWARD, Defendant-Appellant.
 No. 95-3027.
 United States Court of Appeals, Tenth Circuit.
 Nov. 22, 1995.
 
 Before ANDERSON, BALDOCK, and LUCERO, Circuit Judges.[2]
 BALDOCK, Circuit Judge.
 
 ORDER AND JUDGMENT[1]
 
 1
 A jury convicted Defendant George Howard on one count of distributing crack cocaine within 1000 feet of a university and two counts of distributing crack cocaine, in violation of 21 U.S.C. 841(a)(1), 860(a). The district court sentenced Defendant to 168 months imprisonment. This direct appeal followed. In his appeal, Defendant claims (1) he was denied effective assistance of trial counsel, and (2) the sentencing provisions relating to the distribution of crack cocaine violate equal protection and due process concerns. Our jurisdiction arises under 28 U.S.C. 1291, 18 U.S.C. 3742(a)(1), and Fed. R.App. P. 4(b). We affirm in part and dismiss in part.
 
 I.
 
 2
 Defendant acknowledges that we repeatedly have rejected Fifth Amendment-based constitutional attacks on 21 U.S.C. 841(b)(1)(B) and U.S.S.G. 2D1.1, the sentencing provisions relating to the distribution of cocaine base or crack cocaine. E.g., United States v. Williams, 45 F.3d 1481, 1485-86 (10th Cir.1995); United States v. Thurmond, 7 F.3d 947, 950-53 (10th Cir.1993), cert. denied, 114 S.Ct. 1311 (1994). Defendant asks us, however, to reconsider our prior case law now that the United States Sentencing Commission has endorsed equalization of penalties for crack and powder cocaine. See generally United States Sentencing Commission, A Special Report to Congress: Cocaine and Federal Sentencing Policy (1995). We are unable to do so. We likewise have repeatedly held that one panel "cannot overrule the judgment of another panel of this court. We are bound by the precedent of prior panels absent en banc reconsideration or a superceding contrary decision by the Supreme Court." In re Smith, 10 F.3d 723, 724 (10th Cir.1993) (citations omitted), cert. denied, 115 S.Ct. 53 (1994); accord United States v. Smith, 63 F.3d 956, 967 (10th Cir.1995) (rejecting exact argument which Defendant raises). Thus, we must reject Defendant's claim that the provisions under which he was sentenced are unconstitutional.
 
 II.
 
 3
 As to Defendant's claim of ineffective assistance of trial counsel, we exercise our discretion to dismiss that claim under our recent en banc decision in United States v. Galloway, 56 F.3d 1239 (10th Cir.1995) (en banc). In Galloway, we held that "[i]neffective assistance of counsel claims should be brought in collateral proceedings, not on direct appeal. Such claims brought on direct appeal are presumptively dismissible, and virtually all will be dismissed." Id. at 1240. The reason for our holding was that the district court more properly could develop the factual record in such instances, subject to the availability of review. To assure that our holding would not prejudice a defendant, we further held that the procedural bar rule generally applicable in collateral proceedings under 28 U.S.C. 2255 would not apply to ineffective assistance of counsel claims. Id. at 1241. Accordingly, Defendant must present his ineffective assistance of counsel claim in the first instance to the district court via a motion pursuant to 28 U.S.C. 2255.
 
 
 4
 AFFIRMED IN PART AND DISMISSED IN PART.
 
 
 
 [2]
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The case therefore is ordered submitted without oral argument
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470