**UNITED STATES of America,**

v.

**Kevin Bernard BERRY, Movant.**

No. 89–20066–02.

United States District Court,
D. Kansas.

Oct. 8, 1996.

Kevin Berry, pro se.

Jackie N. Williams, U.S. Attorney, Robert S. Streepy, Asst. U.S. Attorney, Kansas City, KA, for U.S.

## MEMORANDUM AND ORDER

EARL E. O'CONNOR, Senior District Judge.

Defendant Kevin Bernard Berry has filed a "MOTION UNDER TITLE 18, USC, 3582(c)(2), AND PURSUANT TO TITLE 28, USC, 994(*o*); 994(u), UNITED STATES SENTENCING GUIDELINES, AND THE BAILEY DECISION." The court will consider said motion as being filed to vacate and set aside sentence pursuant to 28 U.S.C. § 2255. The government has filed its response and defendant has filed a reply. The matter is now ready for ruling.

A factual summary of this case is set out in the Tenth Circuit's earlier opinion and the same is incorporated and adopted, and made a part of this memorandum and order as if fully set forth herein. *See United States v. Berry,* 931 F.2d 671, 673–74 (10th Cir.), *cert. denied,* 502 U.S. 887, 112 S.Ct. 246, —— L.Ed.2d —— (1991).

■ Defendant first contends that his sentence should be reduced because of a subsequent amendment to the United States Sentencing Guidelines ("U.S.S.G."). Defendant was sentenced on February 7, 1990. Defendant claims, however, that his sentence was improperly enhanced for "obstruction of jus-

tice." Defendant relies on section 3C1.1 of the amended Sentencing Guidelines, which became effective November 1, 1990, eight months after defendant was sentenced. As the government correctly points out, the amendment to section 3C1.1 is not intended to apply retroactively. The amendment to sections 3C1.1 and 3C1.2 clearly states that "[t]he effective date of this amendment is November 1, 1990." Amendment No. 347, U.S.S.G. at C.193 (Nov. 1, 1990 ed.); *see* Historical Note to § 3C1.1. Further, this amendment is not included as one of the amendments to be applied retroactively. U.S.S.G. § 1B1.10(d). The Sentencing Guidelines provide that a reduction in the defendant's term of imprisonment based on a non-retroactive amendment is inconsistent with its policy statement. U.S.S.G. § 1B1.10(a). The court accordingly finds that defendant is not entitled to a reduction in sentence on this basis.

Defendant also contends that under the recent United States Supreme Court decision in *Bailey v. United States,* —— U.S. ——, 116 S.Ct. 501, 133 L.Ed.2d 472 (1995), his conviction and sentence on Count 3 are in violation of the Constitution and laws of the United States and should be vacated. Defendant was charged in Count 3 with using or carrying a firearm during and in relation to a drug trafficking offense in violation of 18 U.S.C. § 924(c)(1) and for aiding and abetting the commission of this offense in violation of 18 U.S.C. § 2. The government responds that there is sufficient evidence in the record to support defendant's conviction for aiding and abetting the "use" of a firearm (even after *Bailey*) and for finding that defendant personally "carried" a firearm. The government's arguments, while relevant to deciding whether to grant a new trial or to vacate defendant's conviction completely, are irrelevant to whether defendant's conviction can be sustained in light of the jury instruction on "use" of a firearm.

■ The court has reviewed the instructions given to the jury regarding Count 3, including the requirements to find defendant guilty under 18 U.S.C. § 924(c)(1) and 18 U.S.C. § 2. The instruction to the jury with

respect to "use" of a firearm under section 924(c)(1) cannot be sustained after the United States Supreme Court's decision in *Bailey, supra.* Further, the court did not instruct the jury regarding the "carry" prong of section 924(c)(1). The jury returned a general verdict finding defendant guilty of Count 3, which charged defendant under both the "use" and "carry" prongs of section 924(c)(1), as well as aiding and abetting the commission of these offenses under section 2. Based on the jury instructions, the verdict, and the evidence presented to the jury, the court cannot ascertain whether the jury convicted defendant under Count 3 based solely on the "carry" prong of 924(c)(1).

The Tenth Circuit has held that if a jury instruction defining one of two alternative grounds for conviction is legally erroneous, the court must reverse the conviction unless the court can determine with "absolute certainty" that the jury based its verdict on the ground on which it was correctly instructed. *United States v. Miller,* 84 F.3d 1244, 1257 (10th Cir.1996); *see United States v. Simpson,* 94 F.3d 1373 (10th Cir.1996) (following procedure set out in *Miller* ); *United States v. Smith,* 82 F.3d 1564, 1567 (10th Cir.1996) (even if there is sufficient evidence that defendant carried the firearm, court cannot allow conviction to stand because there is no assurance that jury did not convict on legally insufficient evidence and erroneous jury instruction regarding "use"). Here, the government presents no evidence (and the court can find no evidence) that the jury convicted defendant based solely on the "carry" prong of section 924(c)(1). Thus, the court must reverse defendant's conviction on Count 3.

If there is evidence in the record, however, that a jury could find defendant guilty if properly instructed on the meanings of "use" or "carry" under section 924(c)(1), then the court must remand the case for a new trial on Count 3. *See Miller,* 84 F.3d at 1258; *United States v. Wacker,* 72 F.3d 1453, 1464–65 (10th Cir.1995). The court finds that there is legally sufficient evidence in the record for a jury to convict defendant under the "carry" prong by defendant's own actions or under either the "use" or "carry" prong by

aiding and abetting the commission of this offense.

The Supreme Court in *Bailey* held that to sustain a conviction under the "use" prong of section 924(c)(1), the government must show that the defendant "actively employed" the firearm during and in relation to the predicate crime, mere possession will not suffice. *Bailey,* —— U.S. at ——, 116 S.Ct. at 506; *see Miller,* 84 F.3d at 1260–61. "Active employment" of a firearm includes firing, attempting to fire, brandishing, displaying, bartering, or striking with. *Bailey,* —— U.S. at ——, 116 S.Ct. at 508.

■ Although there is little evidence that defendant himself used ("actively employed") a firearm, a jury could convict defendant under the "use" prong of section 924(c)(1) for aiding and abetting the commission of that offense. Defendant drove the vehicle, from which shots actually were fired in the direction of undercover agents. Defendant continued to pursue the undercover agents after the first shots were fired from his vehicle. A passenger from defendant's vehicle had a gun in his possession when he jumped out of the vehicle. Finally, someone in the vehicle apparently threw a second gun out of the vehicle during the chase with undercover agents. This evidence is legally sufficient for a jury to conclude that defendant "used" a firearm by aiding and abetting the commission of that offense.

■ There also is sufficient evidence for a jury to find that defendant "carried" a firearm either personally or by aiding and abetting the commission of that offense by others. As noted above, at least two firearms were in the vehicle defendant was driving while chasing the undercover agents. The firearms clearly were in close proximity to defendant and immediately available for use. The close proximity of the firearms, the fact that shots actually were fired, and the fact that defendant was driving the car with at least two firearms located in the vehicle, legally could support the conclusion that defendant "carried" the firearm in violation of 18 U.S.C. § 924(c)(1) or that defendant aided and abetted the commission of that offense.

In *United States v. Cardenas*, 864 F.2d 1528 (10th Cir.), *cert. denied*, 491 U.S. 909, 109 S.Ct. 3197, 105 L.Ed.2d 705 (1989), the Tenth Circuit rejected the argument that "carrying" was narrowly restricted to firearms carried either on the person or in a pocket. The court held that carrying involved two elements: actual or constructive possession of the firearm through the exercise of dominion or control and transportation or movement of the same. The Tenth Circuit has noted that "[w]hen a motor vehicle is used, 'carrying a weapon' takes on a less restrictive meaning than carrying on the person. The means of carrying is the vehicle, itself, rather than the defendant's hands or pocket." *Miller*, 84 F.3d at 1258 (quoting *Cardenas*, 864 F.2d at 1535–36). A defendant can "carry" a gun within the meaning of section 924(c)(1) without having the gun on his person. The term "carry" in section 924(c)(1) "comprehends more than actually physically wearing or having a gun on one's person." *United States v. Evans*, 888 F.2d 891, 895 (D.C.Cir.1989), *cert. denied*, 494 U.S. 1019, 110 S.Ct. 1325, 108 L.Ed.2d 500 (1990); *see also United States v. Pineda–Ortuno*, 952 F.2d 98, 104 (5th Cir.), *cert. denied*, 504 U.S. 928, 112 S.Ct. 1990, 118 L.Ed.2d 587 (1992) (holding evidence was sufficient to support a defendant's conviction for carrying a firearm where the defendant operated an automobile in the course of drug trafficking, knowing that there were guns in the car). There is sufficient evidence for a jury to find both that defendant knowingly had actual or constructive possession of a firearm and that he knowingly transported the same in the vehicle he was driving. *See Miller*, 84 F.3d at 1259–60 (and cases cited therein); *United States v. Cox*, 934 F.2d 1114, 1121 (10th Cir.1991).

Finally, a jury could find that defendant used or carried a firearm "during and in relation to" a drug trafficking offense, a separate element of section 924(c)(1). To establish the requisite nexus between a firearm and a drug offense, "there must be evidence that defendant 'intended the weapon to be available for use during [a] drug transaction.'" *Miller*, 84 F.3d at 1260 (quoting *United States v. Nicholson*, 983 F.2d 983, 990 (10th Cir.1993)). The defendant must have "availed himself of the firearm" and the firearm must have "played an integral role" in a drug trafficking offense. *Miller*, 84 F.3d at 1260. The government may prove that a firearm was readily accessible and the defendant availed himself of it "by showing a close proximity between the firearm and the drugs." *Id.* (quoting *United States v. Ramirez*, 63 F.3d 937, 946 (10th Cir.1995)). Such evidence creates a presumed nexus between the firearm and the drug offense, which defendant may overcome by evidence that the firearm "was present for a reason other than facilitating the drug transaction." *United States v. Holland*, 10 F.3d 696, 699–700 (10th Cir.1993), *cert. denied*, 510 U.S. 1064, 114 S.Ct. 739, 126 L.Ed.2d 702 (1994); *see United States v. Parrish*, 925 F.2d 1293, 1298 (10th Cir.1991).

The evidence here is legally sufficient for a jury to conclude that the firearm was used or carried "during and in relation to" a drug trafficking offense. Defendant's chase with undercover agents immediately followed the sale of cocaine base to the agents. Further, defendant threw an object from his vehicle, which was identified later as a large rock of cocaine base.

The court accordingly finds that there is legally sufficient evidence in the record for a jury to convict defendant under the "carry" prong of section 924(c)(1) by defendant's own actions or under either the "use" or "carry" prong by aiding and abetting the commission of this offense.

IT IS THEREFORE ORDERED that defendant's motion (Doc. # 162), which is construed as a motion to vacate and set aside his sentence pursuant to 28 U.S.C. § 2255, is denied in part and granted in part.

IT IS FURTHER ORDERED that defendant's conviction and sentence on Count 3 of the indictment are vacated and set aside. Defendant may be retried on the charges set forth in Count 3. The convictions and sentences on Counts 1 and 2 shall remain in full force and effect.

The clerk is directed to forward copies of this order to defendant, the office of the United States Attorney, the United States

Probation Office, and the Regional Director of the Bureau of Prisons.

IT IS SO ORDERED.