**UNITED STATES COURT OF APPEALS**
**Filed 11/8/96**
**TENTH CIRCUIT**

———————————————

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

ADRIAN ARNETT WILLIAMS,

    Defendant-Appellant.

No. 96-1153
(D.C. No. 95-Z-936)
(D. Colorado)

———————————————

**ORDER AND JUDGMENT**[*]

———————————————

Before **BRORBY, EBEL** and **HENRY**, Circuit Judges.

———————————————

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

Mr. Williams appeals from the district court's denial of his Motion to

---

[*] This order and judgment is not binding precedent except under the doctrines of law of the case, *res judicata* and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Vacate Conviction and Sentence Pursuant to 28 U.S.C. § 2255. We affirm the district court.

The district court convicted Mr. Williams on multiple drug charges involving cocaine base. Pursuant to the United States Sentencing Guidelines, the district court sentenced Mr. Williams to life imprisonment. The Sentencing Guidelines' harsh treatment of crimes involving cocaine base, as compared to those involving powder cocaine, drastically increased the length of Mr. Williams' sentence. *See* United States Sentencing Guidelines §2D1.1 (punishing crimes involving cocaine base at a 100:1 ratio to those involving cocaine). We upheld Mr. William's convictions on direct appeal in *United States v. Williams*, 45 F.3d 1481 (10th Cir. 1995).

Mr. Williams subsequently filed with the district court the § 2255 motion presently at issue. In this motion, Mr. Williams argued the government failed to prove at trial "that the quantities of powder cocaine which were not cocaine [*i.e.,* the cocaine base] were 'crack' cocaine," asserting "[c]ocaine based [sic] includes ... forms of cocaine other than 'crack' cocaine."[1] He asserts the harsh treatment

---

[1] He also presented a double jeopardy claim. That claim is not at issue in this appeal.

the Sentencing Guidelines accord crimes involving cocaine base is inapplicable unless the government establishes the cocaine base at issue is "crack" cocaine. *See United States v. James*, 78 F.3d 851, 855-58 (3d Cir.), *cert. denied*, 117 S. Ct. 128 (1996). Accordingly, he requests resentencing on the basis of powder cocaine, instead of cocaine base.

Mr. Williams should have made these arguments at trial or on his direct appeal, not in this § 2255 motion. Accordingly, Mr. Williams' arguments are procedurally barred, and we do not address their merits.

> "[Section] 2255 is not available to test the legality of matters which should have been raised on appeal." A defendant who fails to present an issue on direct appeal is barred from raising the issue in a § 2255 motion, unless he can show cause for his procedural default and actual prejudice resulting from the alleged errors, or can show that a fundamental miscarriage of justice will occur if his claim is not addressed. This procedural bar ... applies to a defendant's collateral attack on his sentence, just as it does to an attack on his conviction.

*United States v. Allen*, 16 F.3d 377, 378 (10th Cir. 1994) (citations omitted).

Mr. Williams has shown no cause for his procedural default. Nor has he shown a fundamental miscarriage of justice will result from failure to address his claims. Such a showing requires Mr. Williams to make a colorable showing of actual innocence. *United States v. Richards*, 5 F.3d 1369, 1371 (10th Cir. 1993). Mr. Williams does not assert actual innocence; rather, he claims the government

failed to prove his crimes involved crack cocaine.

Finally, Mr. Williams contends it is the government's burden to raise procedural bar as a defense, and its failure to do so before the district court constitutes a waiver. Even if the government had not raised procedural bar on appeal, we have the power to do so sua sponte, so long as Mr. Williams has an opportunity to respond to the defense. *United States v. Warner*, 23 F.3d 287, 291 (10th Cir. 1994) (citing *Hines v. United States*, 971 F.2d 506, 509 (10th Cir. 1992)); *see also Allen*, 16 F.3d at 378-79 (noting power to procedurally bar § 2255 motion even though government failed to assert defense until the appellate level). Here, Mr. Williams' reply brief provided an opportunity to respond to the asserted defense. Accordingly, procedural bar is applicable.

We **AFFIRM** the judgment of the district court.

**Entered for the Court:**

**WADE BRORBY**
United States Circuit Judge