**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**FEB 24 1999**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

      Plaintiff - Appellee,

v.

LISA DENNY DEMEREE,

      Defendant - Appellant.

No. 97-5211
(D.C. No. 96-CR-151-H)
(Northern District of Oklahoma)

UNITED STATES OF AMERICA,

      Plaintiff - Appellee,

v.

JERRY L. GREEN also known as
Butch,

      Defendant - Appellant.

No. 97-5212
(D.C. No. 96-CR-151-H)
(Northern District of Oklahoma)

**ORDER & JUDGMENT**[*]

Before **KELLY**, **HOLLOWAY** and **LUCERO**, Circuit Judges.

Appellants Lisa Denny Demeree and Jerry L. Green were tried and

convicted of violating federal narcotics laws. They now challenge their

---

[*] This order and judgment is not binding precedent, except under the doctrines of
law of the case, res judicata, and collateral estoppel. This court generally disfavors the
citation of orders and judgments; nevertheless, an order and judgment may be cited under
the terms and conditions of 10th Cir. R. 36.3.

convictions and sentences on numerous grounds. We have jurisdiction pursuant to 28 U.S.C. § 1291, and affirm.

## I

In a joint trial, Green and Demeree were convicted of operating a continuing criminal enterprise in violation of 21 U.S.C. § 848(a), (c), and (d).[1] The district court sentenced Green to life without parole and Demeree to a life sentence. In addition, the court ordered a forfeiture of Demeree's property,[2] and assessed a fine of $50,000 against her.

## II

Appellants argue that there was insufficient evidence to support their convictions for operating a continuing criminal enterprise in violation of 21 U.S.C. § 848. In deciding a sufficiency of the evidence claim, "we review the record only to determine whether both the direct and circumstantial evidence, together with the reasonable inferences [therefrom], when viewed in the light most favorable to the government, would permit a reasonable jury to find the defendant guilty beyond a reasonable doubt." United States v. Guadalupe, 979 F.2d 790, 793 (10th Cir. 1992). Specifically, appellants argue that the

---

[1] Green's and Demeree's convictions for conspiracy to possess and distribute methamphetamine in violation of 21 U.S.C. § 846 were vacated at the request of the government. In addition, Demeree was found not guilty of witness intimidation.

[2] The jury had found Demeree's property forfeitable pursuant to the criminal forfeiture provisions of 21 U.S.C. §§ 848 and 853.

prosecution failed to prove that they held a supervisory, managerial, or organizational role in, and received substantial income from, the alleged criminal enterprise.  See 21 U.S.C. § 848(c).

For purposes of § 848, we construe the terms "organizer," "manager" and "supervisor" according to their "everyday meanings."  United States v. Jenkins, 904 F.2d 549, 553 (10th Cir. 1990).  An organizer facilitates the orderly operation of people engaged in separate activities, see United States v. Smith, 24 F.3d 1230, 1233 (10th Cir. 1994), a supervisor orders others to carry out her directions, see United States v. Apodaca, 843 F.2d 421, 425 (10th Cir. 1988), and a manager exercises some managerial responsibility with respect to five or more persons. See Jenkins, 904 F.2d at 553.  The record is sufficient to establish that appellants played key roles in organizing and managing a methamphetamine distribution network.  The record also shows that appellants not only derived substantial income from their drug trafficking scheme, they collected the funds generated by their criminal enterprise and controlled the manner of payments.  Reviewing the evidence in the light most favorable to the government, we conclude a rational jury could have found that appellants operated a continuing criminal enterprise in violation of 21 U.S.C. § 848.

## III

Demeree challenges the district court's enhancements of her offense level. She also asserts a speedy trial violation, and argues that the district court erred when it assessed a fine as part of her sentence and ordered forfeiture of her property.

## A

Demeree argues that the district court erroneously enhanced her offense level for obstruction of justice and possession of a firearm. We review a district court's legal interpretations of the Sentencing Guidelines de novo, see United States v. Sanders, 990 F.2d 582, 583 (10th Cir. 1993), and its underlying factual findings for clear error, see United States v. Sullivan, 967 F.2d 370, 376 (10th Cir. 1992).

Section 3C1.1 of the Sentencing Guidelines provides for a two-point increase in the base offense level if a defendant attempts to obstruct or impede the investigation or prosecution of a criminal offense by "threatening, intimidating, or otherwise unlawfully influencing . . . a witness." U.S.S.G. § 3C.1.1, comment. (n.4(a)). It is undisputed that while being prepared for transportation from the county jail to the United States District Court, Demeree spat on Robert Smith, a government witness. Shortly thereafter, appellant Green and another federal prisoner called Smith a "snitch." Under the circumstances, the district court

correctly found that Demeree sought to obstruct justice by threatening or intimidating witness Smith.  See United States v. Ferrugia, 604 F. Supp. 668, 674-75 (E.D.N.Y.), aff'd, 779 F.2d 36 (2d Cir. 1985) (stating that spitting in face of witness was sufficient basis for obstruction of justice charge).

We also uphold the district court's enhancement of Demeree's offense level for possession of a firearm.  Section 2D1.1(b)(1) of the Guidelines provides for a two-level enhancement  "[i]f a dangerous weapon (including a firearm) was possessed" in the commission of a drug offense.  To support the applicability of § 2D1.1(b)(1), the government only has to show by a preponderance of the evidence that, given the totality of the circumstances, it is not "clearly improbable" that a firearm was connected to the offense.  U.S.S.G. § 2D1.1, comment. (n.3); United States v. Goddard, 929 F.2d 546, 549 (10th Cir. 1991).

According to trial testimony, Demeree often carried a gun during the life of the drug distribution conspiracy.  Demeree argues, however, that to secure enhancement for possession of a firearm, the government must prove the weapon was found in the same location where the drugs or drug paraphernalia were stored or where part of the transaction occurred.  Even if we accept this argument, we agree with the district court that the government met its burden by proving that appellant often carried a gun on her frequent visits to Tulsa, a major distribution center for appellant's drug distribution scheme.  There was also evidence in the

probation report that Demeree had carried a gun for several years during the life of the conspiracy when she traveled from Southern California to Oklahoma. We conclude that the record provides no basis to reverse the sentencing court's enhancement of appellant's offense level for possession of a firearm.

**B**

Demeree also fails to persuade us that the district court erroneously dismissed her Sixth Amendment speedy trial claim.[3] There was an eight-month delay between Demeree's arrest and the commencement of her trial. Meanwhile, the government filed several successive superseding indictments, thus avoiding a violation of the Speedy Trial Act, which requires the commencement of trial within 70 days from the filing of an indictment. See 18 U.S.C. § 3161(c)(1). Demeree now contends that by filing successive superseding indictments the government engaged in an unconstitutional ploy to satisfy the requirements of the Act while delaying her trial so as to continue its investigation. Thus, Demeree argues, the government unconstitutionally prejudiced her ability to mount an effective defense because her accountant, who would have provided potentially exculpatory testimony, died during the eight-month delay.

---

[3] Demeree notes that she has no cause of action under the Speedy Trial Act. Her speedy trial claim is based only on the Sixth Amendment.

In reviewing a Sixth Amendment speedy trial claim, we consider the length and reason for the delay, the prejudice to the defendant, and whether and how she asserted her right to a speedy trial. See Barker v. Wingo, 407 U.S. 514, 530-32 (1972). None of these factors, standing alone, is "sufficient or necessary" to establish a Sixth Amendment speedy trial violation. Id. at 533. The length of the delay serves as a "triggering mechanism"; only if the length is "presumptively prejudicial" may we inquire further into the validity of the claimed violation. United States v. Tranakos, 911 F.2d 1422, 1427 (10th Cir. 1990) (citing Barker, 407 U.S. at 530).

Demeree argues that an eight-month delay is presumptively prejudicial. In a less complex case, however, we rejected the argument that a delay of seven months was presumptively prejudicial. See United States v. Dirden, 38 F.3d 1131, 1137-38 (10th Cir. 1994). Furthermore, the record in this case suggests that the government filed successive superseding indictments because the charges against appellant stemmed from a complex drug distribution scheme involving many defendants and requiring extensive investigation.

Even if we consider the delay presumptively prejudicial, Demeree fails to prove prejudice. Other than generalized assertions, she presents no evidence as to how her accountant would have testified. See Tranakos, 911 F.2d at 1429 (stating that to show prejudice, defendant must state with particularity the content of

exculpatory testimony lost by delays).  Having failed to show prejudice, we conclude Demeree suffered no violation of her Sixth Amendment speedy trial right.  See United States v. Jenkins, 701 F.2d 850, 857 (10th Cir. 1983).

## C

The Sentencing Guidelines provide for the imposition of a fine in all cases "except where the defendant establishes that he is unable to pay and is not likely to become able to pay any fine."  U.S.S.G. § 5E1.2(a).  Demeree claims that the district court erred when it assessed a fine as part of her sentence and ordered a forfeiture of her proceeds from a personal injury claim.  We review a district court's ruling on a defendant's ability to pay fines for abuse of discretion.  See United States v. Ballard, 16 F.3d 1110, 1114 (10th Cir. 1994).  Nothing in the record warrants a conclusion that the district court abused its discretion when it assessed a fine against appellant.  Appellant shows neither that she is unable to pay nor that she is unlikely to become able to pay in the future.  A defendant's present negative net worth and negative cash flow do not necessarily prove an inability to pay fines assessed as part of a sentence.  See United States v. Peppe, 80 F.3d 19, 23 (1st Cir. 1996).

Demeree also argues that the district court erred when it ordered the forfeiture of her personal injury proceeds.  Relying on 21 U.S.C. § 853(d), which allows for the forfeiture of property linked to the violation of federal drug laws,

Demeree claims that these proceeds are not tied to her drug operations. Substitute property can be forfeited, however, when property derived from illegal drug trafficking "cannot be located upon the exercise of due diligence" or because "it has been substantially diminished in value." 21 U.S.C. § 853(p). The government has the burden of proving by a preponderance of the evidence that the requirements of the forfeiture statute are satisfied. See Jenkins, 904 F.2d at 559. The district court properly instructed the jury on the forfeiture of substitute property and the government's burden of proof. The record supports the jury's conclusion that the government met its burden of proof. We therefore affirm the district court's forfeiture order.

## IV

Green makes three separate claims: that the government violated his Sixth Amendment right to confrontation; that the trial court refused to inform the jury of his indigence; that the joinder of offenses and defendants prejudiced his defense.

## A

Green's Sixth Amendment confrontation claim presents questions of law that we review de novo. See Matthews v. Price, 83 F.3d 328, 332 (10thCir. 1996). Shortly after their arrests, appellant Demeree and a co-conspirator, Terry Glenn, were placed in a police cruiser. The two subsequently began a

conversation that was captured by a recording device. The tape recording was admitted into evidence in Demeree and Green's joint trial. Green claims that because Demeree and Glenn did not testify at trial and were therefore unavailable for cross-examination, admission of their conversation violated his Sixth Amendment right to confrontation.

The Sixth Amendment right to confrontation is implicated when a trial court admits a confession of a non-testifying co-defendant that inculpates another defendant. See Bruton v. United States, 391 U.S. 123, 126 (1968). Furthermore, the right to confrontation "requires that in a joint trial a defendant must be given the opportunity to cross-examine his codefendant when the government introduces a codefendant's confession that incriminates the defendant." United States v. Hill, 901 F.2d 880, 883 (10th Cir. 1990). Extrajudicial statements that fall within one or more "firmly rooted" hearsay exceptions, however, are admissible. Bourjilay v. United States, 483 U.S. 171, 182-83 (1987). Statements that are made by co-conspirators in furtherance of a conspiracy, such as those contained in the tape recording at issue, are admissible under Fed. R. Evid. 801(d)(2)(E) as an exception to the hearsay rules. See United States v. Molina, 75 F.3d 600, 603 (10th Cir. 1996). Green's Sixth Amendment claim is therefore without merit.

**B**

There is also no merit to Green's argument that the district court erroneously refused to inform the jury of his indigence by failing to take judicial notice of his indigent status.[4]   We review the district court's refusal to grant the requested jury instruction for abuse of discretion.  See York v. American Telephone and Telegraph Co., 95 F.3d 948, 953 (10th Cir. 1996).  The court found that Green failed to support his request for judicial notice of indigent status.  We hold that the court's denial of appellant's request was within its discretionary powers.

## C

The argument that the district court erroneously denied Green's request for severance of offenses and defendants fails as well.  A district court's denial of a severance motion is reviewed for abuse of discretion.  See United States v.

---

[4] Although Green presents the issue as a refusal to take judicial notice, his claim actually involves the trial court's refusal to give a requested jury instruction.  Notice of Green's indigence was taken when the magistrate appointed counsel to represent him.  In his Request to Take Judicial Notice, appellant asked the court "to instruct the jury that it may accept as conclusive the fact that [appellant] is financially indigent [and] therefore counsel was ordered to represent [him]."  Denying this request, the trial judge said  "I think anybody as well represented by such a highly respected member of the bar can't have it both ways, that they would seek to suggest that they were indigent and still have the ability to receive such high caliber representation."  XXIV R. at 1088.  Appellant does not take issue with the caliber of representation he received, and makes no claim that use of appointed counsel in any way prejudiced his defense.  Therefore, appellant's claim ultimately concerns the trial court's refusal to give the jury his requested instructions.

Holland, 10 F.3d 696, 698 (10th Cir. 1993).  A court may grant severance if prejudice results from an otherwise proper joinder.  See Fed. R. Crim. P. 14.

Appellant claims that in joining the charges of conspiracy and operation of a continuing criminal enterprise with the charge of witness tampering, the prosecution failed to satisfy the technical requirements for joinder of offenses under Fed. R. Crim. P. 8(a).  The witness tampering charge against Green is based on the allegation that he physically attacked and threatened Robert Smith, a prosecution witness, with the intent to influence, delay or prevent Smith's testimony.  The government alleges that in attempting to influence the witness in this case, Green sought to prevent the prosecution from uncovering his involvement in a conspiracy to operate a continuing criminal enterprise.  The witness tampering charge is therefore related to the charges of conspiracy and operation of a continuing criminal enterprise.  Two or more offenses may be charged in the same indictment if they are similar in character, or arise from the same transaction or are part of a common scheme.  See Fed. R. Crim. P. 8(a).

Green also fails to prove, as required by Fed. R. Crim. 14, that the joinder prejudiced his defense.  See Holland, 10 F.3d at 698.  Joinder may result in prejudice if  "there is a serious risk that a joint trial would . . . prevent the jury from making a reliable judgment about guilt or innocence."  Id.  Green's acquittal on the witness tampering charge is evidence that joinder did not confuse the

jurors. Indeed, Green fails to identify anything in the record that demonstrates otherwise.

Nor does Green demonstrate that joinder of defendants compromised his rights to a fair trial. Defendants who "are alleged to have participated in the same act or transaction or in the same series of acts or transactions constituting the offense or offenses" may be tried jointly. Fed. R. Crim P. 8(b). Here, the government charged Green and his co-defendant with engaging in a conspiracy to violate federal drug laws. Furthermore, the general rule in this circuit is that persons jointly indicted should be tried together, see United States v. Wright, 932 F.2d 868, 876 (10th Cir. 1991), and are not entitled to separate trials as a matter of right, see United States v. Green, 115 F.3d 1479, 1487 (10th Cir. 1997).

Although severance is required if joinder of defendants would result in prejudice, see Fed. R. Crim. P. 14; United States v. Van Scoy, 482 F.2d 347, 348 (10th Cir. 1973), a defendant who seeks severance must prove prejudice, see United States v. Petersen, 611 F.2d 1313, 1331 (10th Cir. 1979). Green does not meet this burden. The propriety of joining defendants turns on whether it prevents the jury from "making a reliable judgment about guilt or innocence," Zafiro v. United States, 506 U.S. 534, 539 (1993), not on the degree of each co-defendant's culpability. See United States v. Williams, 45 F.3d 1481, 1483 (10th Cir. 1995). By properly instructing the jury, the district court cured the risk of

prejudice resulting from the disparity of evidence against each joined defendant. In addition, although joinder barred Green from calling his co-defendants to testify in his behalf, he shows neither that he would have called them to testify, nor that they would have provided exculpatory evidence. See United States v. Dickey, 736 F.2d 571, 590 (10th Cir. 1984). Green's challenge to the district court's denial of his motion for severance must therefore fail.

Green's Eighth Amendment challenge to the constitutionality of his sentence of life imprisonment without the possibility of parole also fails. To prevail on this claim, appellant must show that his punishment is grossly disproportionate to the severity of his offenses. See United States v. Newsome, 898 F.2d 119, 121-22 (10th Cir. 1990). We review the district court's finding de novo. See Neely v. Newton, 149 F.3d 1074, 1082 (10th Cir. 1998). The record reveals appellant led a well-organized and sophisticated multi-state methamphetamine distribution network. Furthermore, the district court used the Sentencing Guidelines to calculate appellant's sentence. "Within the strictures of the Eight Amendment, determination of proper criminal penalties is a matter for legislative bodies." Id. at 122 (citing United States v. Gourley, 835 F.2d 249, 252-53 (10th Cir. 1987). Life imprisonment without parole is equal to the maximum sentence under the statutory scheme for violation of 21 U.S.C. § 846. Green's sentence falls within the range prescribed by Congress.

**AFFIRMED.**

ENTERED FOR THE COURT


Carlos F. Lucero
Circuit Judge