**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUN 22 1998**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

————————————

LEON EDWARD ASBERRY,

     Petitioner-Appellant,

v.

STEVE HARGETT,

     Respondent-Appellee.

No. 98-6052
(W.D. Okla.)
(D.Ct. No. 97-CV-559)

————————————

**ORDER AND JUDGMENT**[*]

————————————

Before **SEYMOUR, BRORBY**, and **BRISCOE**, Circuit Judges.

————————————

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

Mr. Asberry is a state inmate and a *pro se* litigator. On April 15, 1996, he

---

[*] This order and judgment is not binding precedent except under the doctrines of law of the case, *res judicata* and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his state conviction for possession of a controlled dangerous substance after former conviction of two or more felonies. The district court denied relief.

The numerous issues Mr. Asberry raised in the district court fall into three areas: (1) the denial of his right to effective assistance of counsel on direct appeal; (2) the denial of his right to effective assistance of counsel before and during his jury trial; and (3) the denial of a fair trial due to prosecutorial misconduct.

The case was referred to a magistrate judge who issued a sixteen-page report recommending the denial of relief. The district court ultimately adopted this report and recommendation in a four-page order that expanded upon the reasoning offered by the magistrate judge. Basically, both judges determined Mr. Asberry's claims were meritless.

Mr. Asberry appeals the district court's decision, asserting: (1) "The United States District Judge err[]ed in denying the Petitioner's request for the State Court's trial transcripts and original records to fully support his Fifth, Sixth,

and Fourteenth Amendment claims in Federal Court"; (2) "The United States District Judge err[]ed in ado[p]ting the Report and Recommendation of the Magistrate Judge with regards to petitioner's claims on his constitutional rights to a fair trial and effective assistance of counsel"; and (3) "The United States District Judge failed to address Petitioner's claims of ineffective assistance of trial counsel."  The district court denied Mr. Asberry a certificate of appealability to pursue this appeal, finding he failed to make a "substantial showing of the denial of a constitutional right" as required by 28 U.S.C. § 2253(c)(2).  Mr. Asberry now asks this court to grant him the required certificate of appealability.

The issues raised by Mr. Asberry in this appeal have no merit and warrant little discussion.  Mr. Asberry must, in relation to his claims of ineffective assistance of counsel, show two facts (not merely conclusory allegations):  (1) his counsel's performance was so defective that counsel was not functioning as the counsel guaranteed by the Sixth Amendment; and (2) his counsel's deficient performance was so serious as to deprive him of a fair trial.  *See Strickland v. United States*, 466 U.S. 668, 687 (1984).  A review of the record shows Mr. Asberry failed to make either showing with respect to any of his claims.  Furthermore, he did not show, as required, that the prosecutor's conduct rendered his trial "so fundamentally unfair as to deny him due process."  *See Donnelley v.*

-3-

*DeCristoforo*, 416 U.S. 637, 645 (1974).

We agree with the district court that Mr. Asberry has failed to make a "substantial showing of the denial of a constitutional right." Consequently, we deny his request for a certificate of appealability and **DISMISS** this appeal. *See* 28 U.S.C. § 2253(c).

**Entered by the Court:**

**WADE BRORBY**
United States Circuit Judge

-4-

Attachments not available electronically.