**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**DEC 14 1998**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

ELISEO JIMENEZ-HERNANDEZ,

    Defendant-Appellant.

No. 98-3098
(D. Kan.)
(D.Ct. No. 97-CV-3357)

_____

**ORDER AND JUDGMENT**[*]

_____

Before **SEYMOUR, BRORBY**, and **BRISCOE**, Circuit Judges.

_____

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

Petitioner Mr. Eliseo Jimenez-Hernandez, a federal prisoner appearing     *pro*

---

[*] This order and judgment is not binding precedent except under the doctrines of law of the case, *res judicata* and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

*se*, seeks a certificate of appealability to appeal the district court's dismissal of his motion to vacate, set aside, or correct an illegal sentence under 28 U.S.C. § 2255. Mr. Jimenez-Hernandez challenges the sufficiency of the evidence to support his conviction, claiming his conduct did not meet the requirements for violation of 18 U.S.C. § 924(c)(1), and in the alternative that he was denied effective assistance of counsel. Mr. Jimenez-Hernandez never filed a direct appeal to challenge his sentence or conviction. Upon careful review, we deny Mr. Jimenez-Hernandez's application for a certificate of appealability and dismiss his appeal.

On July 25, 1996, an undercover agent contacted Mr. Jimenez-Hernandez and arranged to make future purchases of cocaine. During this meeting, Mr. Jimenez-Hernandez asked the agent if he wanted to buy a .357 Magnum revolver in addition to the drugs. The agent agreed, and on the appointed day, Mr. Jimenez-Hernandez sold the undercover agent both the cocaine and the revolver. Mr. Jimenez-Hernandez was later arrested and charged with various drug-related offenses. He pleaded guilty to three counts of the indictment, including a violation of 18 U.S.C. § 924(c)(1) for using or carrying a firearm during and in relation to a drug trafficking crime. *Id*. The court sentenced Mr. Jimenez-Hernandez to forty-six months imprisonment for the drug charges and a

mandatory sixty-month sentence for the § 924(c)(1) violation, the terms to run consecutively.

In its lengthy Memorandum and Order of February 20, 1998, the district court denied Mr. Jimenez-Hernandez's § 2255 petition on a procedural basis because he did not file a direct appeal to challenge either his sentence or conviction. The district court also denied his alternative argument claiming ineffective assistance of counsel after it examined the merits and found Mr. Jimenez-Hernandez had failed to show his counsel's performance was either deficient or prejudicial. Subsequently, Mr. Jimenez-Hernandez petitioned for a certificate of appealability to challenge the district court's decision. The district court denied his petition in an Order dated April 8, 1998, citing the reasons it already articulated in its prior Memorandum and Order denying Mr. Jimenez-Hernandez's 28 U.S.C. § 2255 motion. Mr. Jimenez-Hernandez now seeks a certificate of appealability and a decision on the merits.

We will not grant the certificate of appealability without a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see Lennox v. Evans*, 87 F.3d 431, 434 (10th Cir. 1996), *cert. denied*, 117 S. Ct. 746 (1997), *and overruled on other grounds*, *United States v. Kunzman*, 125 F.3d

1363 (10th Cir. 1997), *cert. denied*, 118 S. Ct. 1375 (1998). To satisfy this standard, Mr. Jimenez-Hernandez does not have to demonstrate he would prevail on the merits. Rather, he must demonstrate the issues raised are debatable among jurists, that a court could resolve the issues differently, or that the questions deserve further proceedings. *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983). We agree with the district court that Mr. Jimenez-Hernandez is procedurally barred from raising issues in this petition that he failed to raise on direct appeal. *United States v. Frady*, 456 U.S. 152, 164 (1982) ("Once the defendant's chance to appeal has been waived or exhausted ... we are entitled to presume he stands fairly and finally convicted, especially when ... he already has had a fair opportunity to present his federal claims to a federal forum."). However, Mr. Jimenez-Hernandez's alternative claim of ineffective assistance of counsel is a permissible ground for collateral appeal. *Kunzman*, 125 F.3d at 1365. Accordingly, we consider whether Mr. Jimenez-Hernandez has made a substantial showing of a denial of a constitutional right with regard to this alternative claim.

In order for Mr. Jimenez-Hernandez to succeed on the merits of his ineffective assistance of counsel claim, he must show both that (1) his counsel's performance was constitutionally deficient, and (2) his counsel's ineffectiveness resulted in actual prejudice. *Strickland v. Washington*, 466 U.S. 668, 687 (1984).

-4-

Mr. Jimenez-Hernandez contends counsel failed to make a reasonable investigation into § 924(c)(1) and interpretive case law before advising him to plead guilty to using and carrying a firearm during a drug trafficking offense. After examining the entire record, we find Mr. Jimenez-Hernandez raises no issue "debatable among jurists" on this point. *Barefoot,* 463 U.S. at 893 n.4. We find it clear that his counsel acted reasonably and that he suffered no prejudice from his counsel's performance. *Strickland*, 466 U.S. at 687.

Mr. Jimenez-Hernandez's counsel was not deficient in failing to instruct him that his conduct may not have constituted "use" or "carrying" of a firearm during and in relation to a drug trafficking offense under § 924(c)(1), because Mr. Jimenez-Hernandez's admitted actions easily meet one or both of these alternative bases for conviction. [1] Evidence sufficient to establish either the "use" or "carry" prongs will support the conviction and guilty plea. *United States v. Miller*, 84 F.3d 1244, 1257 (10th Cir.) (a conviction must be affirmed if "there is

---

[1] Mr. Jimenez-Hernandez was charged with violating § 924(c)(1) under both the use and carry prongs of the statute and later plead guilty to the offense. At his plea hearing, Mr. Jimenez-Hernandez expressly admitted he "used a [firearm] in relation to the distribution of the [drugs]." He also adopted without objection the facts as recited by the prosecutor that specified what occurred between the undercover agent and Mr. Jimenez-Hernandez leading to his arrest. This record sufficiently establishes the basis for Mr. Jimenez-Hernandez's conviction for using or carrying a firearm during and in relation to a drug trafficking crime.

sufficient evidence to support it under either of the alternative grounds"), *cert.*
*denied*, 117 S. Ct. 443 (1996), 118 S. Ct. 419 (1997). In order to establish "use"
under the government must show "active employment" of the firearm, which is "a
use that makes the firearm an operative factor in relation to the predicate
offense." *United States v. Bailey*, 516 U.S. 137, 143 (1995). The broader
"carry" prong requires only a showing that a person "knowingly possesses and
conveys" a firearm "during and in relation to" the drug transaction. *Muscarello*
*v. United States*, 118 S. Ct. 1911, 1913, 1918 (1998).

In this case, the record shows at the time of the cocaine sale, Mr. Jimenez-
Hernandez took the .357 Magnum revolver out of a bag and handed it to the
undercover officer. Clearly, Mr. Jimenez-Hernandez availed himself of the
firearm even if only to effectuate a sale of the gun, and the firearm played an
integral role in a drug trafficking offense. *Smith v. United States*, 508 U.S. 223,
224 (1993). This creates a presumed nexus between the firearm and the drug
offense, *United States v. Holland*, 10 F.3d 696, 699 (10th Cir.1993), *cert. denied*,
510 U.S. 1064 (1994), which a defendant may overcome only by evidence that
"the weapon was present for a reason other than facilitating the drug operation."
*Id.* at 700 (internal quotation marks omitted). However, we find Mr. Jimenez-
Hernandez's assertion that he only intended to sell the gun independent of the

drug transaction does not suffice to overcome the presumed nexus between the firearm and the drugs. Since Mr. Jimenez-Hernandez's actions, at the very least, meet the "carry" prong of § 924(c)(1), defense counsel did not render ineffective assistance when advising defendant he was legally guilty of the charged offense of knowingly using or carrying firearm during and in relation to drug trafficking offense. Counsel's advice to Mr. Jimenez-Hernandez before he entered his guilty plea was well within the "objective standard of reasonableness" given prevailing professional norms. *Strickland*, 466 U.S. at 688.

After a careful and thorough review of Mr. Jimenez-Hernandez's brief and other pleadings, the district court's order, and the entire record on appeal, we find Mr. Jimenez-Hernandez is procedurally barred from challenging the sufficiency of the evidence for his conviction of using and carrying a firearm during a drug trafficking offense. In addition, his alternative arguments based on ineffective assistance of counsel fail to establish a substantial denial of a constitutional right. Therefore, we deny Mr. Jimenez-Hernandez's petition for

certificate of appealability on all claims, and **DISMISS** the appeal.

**Entered by the Court:**

**WADE BRORBY**
United States Circuit Judge