**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JAN 14 1999**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

BRAD ALLEN DAILEY,

      Petitioner-Appellant,

v.

JAMES SAFFLE, Deputy Warden,

      Respondent-Appellee.

No. 98-6287
(D.C. No. 97-2001 A)
(W.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **BRORBY**, **EBEL**, and **LUCERO**, Circuit Judges.

      Brad Dailey appeals the district court's dismissal of his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 as untimely filed. Although the district court denied Dailey a certificate of appealability, he does not request one in this court. Pursuant to Fed. R. App. P. 22(b), we construe his notice of appeal

---

[*]After examining the briefs and appellate record, this panel has determined unanimously to grant the petitioner's request for a decision on the briefs without oral argument. See Fed. R. App. P. 34(f) and 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This Order and Judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

to be such a request.[1]  We deny the certificate of appealability, and dismiss the appeal.

Dailey pled guilty on March 25, 1995, in the State District Court of Oklahoma County, to several drug-related charges.  (See Aplt. App., Mag. Rep. at 1, 3 & n.1.)  He did not appeal his convictions, but instead filed for post-conviction relief in the trial court on May 12, 1997.  (See id. at 3.)  The trial court denied relief, and the Oklahoma Court of Criminal Appeals affirmed the denial on the basis of Dailey's procedural default in failing to appeal the convictions.  (See id. at 3-4.)  Dailey then filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 in the federal district court on December 17, 1997.  (See id. at 4.)  In a Report and Recommendation to the district court, a magistrate judge concluded that Dailey's petition was untimely filed.  According to the magistrate judge, Dailey's conviction became final for purposes of 28 U.S.C. § 2244(d)(1)[2]

---

[1]Fed. R. App. P. 22(b) provides that if the district court has denied the certificate of appealability and "no express request for a certificate is filed, the notice of appeal shall be deemed to constitute a request addressed to the judges of the court of appeals."


[2]28 U.S.C. § 2244(d)(1) states, in relevant part:

A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of—

(continued...)

on April 5, 1995, when he did not timely move to withdraw his guilty plea.  (See id. at 4.)  Because Dailey's conviction became final before the April 24, 1996 effective date of the Antiterrorism and Effective Death Penalty Act of 1996, which added subsection (d) to § 2244, the magistrate judge concluded that the one-year "grace" period recognized in United States v. Simmonds, 111 F.3d 737, 745-46 (10th Cir. 1997), permitted Dailey until April 23, 1997 to file his petition.  (See Aplt. App., Mag. Rep. at 2-4.)  As Dailey filed his petition on December 17, 1997, some eight months after the expiration of the "grace" period, the magistrate judge recommended that the petition be dismissed as untimely filed.  Although Dailey blamed his delay on incarceration in a prison without adequate access to legal materials, the magistrate judge rejected Dailey's claim as vague and conclusory, noting that, like the habeas petitioner in Miller v. Marr, 141 F.3d 976 (10th Cir.), cert. denied, 119 S. Ct. 210 (1998), Dailey "'provided no specificity regarding the alleged lack of access and the steps he took to diligently pursue his federal claims.'"  (See Aplt. App., Mag. Rep. at 5-6 (quoting Miller, 141 F.3d at

---

[2](...continued)
     (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
     (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action . . . .

978).)  In addition, the magistrate judge recommended that a certificate of appealability pursuant to 28 U.S.C. § 2253(c) be denied because Dailey failed to make the required "substantial showing of a denial of a constitutional right." (See id. at 4-6.)  The district court adopted the magistrate judge's Report and Recommendation in its entirety.  (See Aplt. App., order dismissing petition.) Dailey timely filed his notice of appeal.  (See Aplt. App., notice of appeal.)

On appeal, Dailey relies on § 2244(d)(1)(B), which allows an application for a writ of habeas corpus to be filed within one year from "the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed."  Dailey renews his claim that "[t]he State of Oklahoma created an impediment to the filing of an application by placing [him] in a prison facility which lacked adequate legal materials." (Aplt. Br. at 4.)   Such inadequacy, argues Dailey, violates Bounds v. Smith, 430 U.S. 817 (1977), which held that "the fundamental constitutional right of access to the courts requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." Id. at 828.

Although Dailey does not apply for a § 2253(c) certificate of appealability in this court, we construe his notice of appeal to be such a request.  See Fed. R.

- 4 -

App. P. 22(b).  After reviewing Dailey's brief and the record,[3] we agree with the magistrate judge's conclusion that Dailey failed to make a substantial showing of the denial of a constitutional right as required by § 2253(c)(2).  The only support Dailey provided for his claim that the prison lacked adequate legal resources was an affidavit merely stating that he "did not have adequate access to legal materials" and that he "was not aware of any deadlines for filing an application for a writ of habeas corpus until early, 1997."  (Aplt. App., affidavit of Brad Dailey.)  Such vague and conclusory allegations simply do not constitute a substantial showing of the denial of a constitutional right.  See United States v. Jimenez-Hernandez, No. 98-3098, 1998 WL 864015, at * 1 (10th Cir. Dec. 14, 1998) (unpublished disposition) (to make substantial showing of denial of constitutional right, petitioner "must demonstrate the issues raised are debatable among juries, that a court could resolve the issues differently, or that the questions deserve further proceedings") (citing Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983)); Ashberry v. Hargett, No. 98-6052, 1998 WL 327882, at * 1 (10th Cir. June 22, 1998) (unpublished disposition) ("conclusory allegations" insufficient for granting certificate of appealability on ineffective assistance of counsel claim) (unpublished disposition); Simmonds, 111 F.3d at 746 n.12 (denying certificate of appealability on issues unsupported by record); cf. Miller,

---

[3]The government did not file a response brief in this appeal.

141 F.3d at 978 (rejecting on merits more specific § 2244(d)(1)(B) claim of impediment from constitutionally inadequate access to legal materials, stating that "[i]t is not enough to say that the . . . prison facility lacked all relevant statutes and case law or that the procedure to request specific materials was inadequate"). Accordingly, we DENY the certificate of appealability and DISMISS the appeal.

The mandate shall issue forthwith.

ENTERED FOR THE COURT


David M. Ebel
Circuit Judge